SANCHO, Treasurer of Puerto Rico, v.
CORONA BREWING CORPORA-
TION.

No. 3191.

Circuit Court of Appeals, First Circuit.

March 15, 1937.

William C. Rigby, of Washington, D. C. (B. Fernandez Garcia, of San Juan, P. R., and Nathan T. Margold, of Washington, D. C., on the brief), for appellant.

James R. Beverley, of San Juan, P. R. (Thomas Allen and Sheldon E. Wardwell, both of Boston, Mass., and Jose Lopez Baralt, of San Juan, P. R., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an action at law brought by the plaintiff in the federal District Court for Puerto Rico against the treasurer of Puerto Rico to recover the sum of $12,509.10 and interest, being excise taxes upon beer and malt products manufactured by it in that island, imposed by Act No. 1, of March 12, 1934.

In its complaint the plaintiff alleged that it was duly authorized to do business in the island; that it had established a brewery for the purpose of manufacturing beer and malt products there; that, on August 25, 1933, it petitioned the Public Service Commission of Puerto Rico to declare complainant's industry a "new industry" in accordance with the terms of Act No. 40, approved April 25, 1930, and that such industry be exempted from taxes in accordance with the provisions of that act; that on July 21, 1934, the Public Service Commission, after due hearing, granted the plaintiff's petition and passed a resolution declaring plaintiff's industry to be a new industry under the terms of Act No. 40, and in accordance with said act exempted its industry from taxation for the term of five years; that, notwithstanding the resolution and decision of the Public Service Commission of July 21,

480

1934, the treasurer of Puerto Rico collected from the plaintiff taxes calculated in accordance with the terms of Act No. 1, of March 12, 1934, and threatened distraint; that due to the threats of distraint the plaintiff paid to the treasurer, between July 21, 1934, and September 19, 1934, excise taxes under Act No. 1, of March 12, 1934, aggregating $12,509.10; that said sums were paid under protest pursuant to Act No. 8, of April 19, 1927; that the plaintiff attached to the complaint the tax receipts showing said payment or payments were made under protest as required by law; that said exaction of the taxes was illegal and without authority of law and in contravention of the resolution and order of the Public Service Commission; and that the treasurer, after the decision of the Public Service Commission, was without authority to impose and collect the taxes or any taxes except income taxes and premiums for workmen's compensation.

These allegations, so far as they are allegations of fact, are admitted. The principal question in the case is whether Act No. 40, of April 25, 1930, exempts the plaintiff from the payment of taxes on its manufactured product.

The act is poorly drawn. Its meaning is far from clear. Its purpose, as disclosed in its title, is:

"To protect new industries in Puerto Rico by exempting them from taxes for a period not to exceed ten years, as the Public Service Commission may determine, and for other purposes."

Section 1[1] describes the new industry or thing which it was the purpose of the act to exempt from taxation. After careful consideration of its provisions, we are of the opinion that they mean the same as though the section read:

"Section 1. New industries in Porto Rico are those processes, worked by hand or machinery, having for their object the preparation and production of articles of commerce, the preparation or production of which has not previously taken place in Porto Rico; or those means, which are

new in Porto Rico, of preparing or producing articles of commerce."

If we are right as to section 1, our interpretation of section 2 is as though it read:

"Section 2. That said new industries [those processes or means described in Section 1] and their buildings, machinery, materials, franchises, etc., and, in general, all the properties, rights and privileges belonging to said industries, which are necessary in their work and operation, shall be exempt from all taxes for a period not to exceed ten years, as the Public Service Commission may determine. Said term shall be counted from the time the industrial installation is completed; Provided, That such exemption shall not include the assessments under the Workmen's Compensation Act; And provided, further, That municipalities are hereby authorized to grant a similar exemption from municipal license and excise taxes to such industries as are previously declared new industries by the Public Service Commission, for a term not to exceed the term granted by said Commission; Provided, That all such industries as have been declared new industries, application for which declaration was made under Act No. 92, promulgated March 31, 1919, shall be exempt from the income tax from the time they were declared new industries. Such shall not be the case however, with those industries which applied for and were declared new industries while Act No. 16, approved May 20, 1925, was in force and those obtaining such declaration hereafter."[2]

According to section 2, new industries (processes or means) as defined in section 1, and "their buildings, machinery, materials, franchises, etc., and, in general, all the properties, * * * which are necessary in their work and operation" are exempt from all taxation for a period not to exceed ten years as the Public Service Commission may determine.

The products to be manufactured or produced by such new industries are not mentioned. The "buildings, machinery, materials, franchises" mentioned are not

---

[1] "Section 1. New industries in Puerto Rico shall be understood to be all such processes as, by transforming raw material, shall have as their object the preparation and production of articles of commerce, either manufactured by hand or by machinery, the preparation or production of which has not previously taken place in Puerto Rico or the means of preparing or producing which are new in Puerto Rico."

[2] Section 2 as above given is the same as section 2 in the original act, except the parts included in brackets.

products of their manufacture. Neither are their products "properties, rights and privileges belonging to said industries, which are necessary in the work and operation." They are simply the result of the work and operation.

Exemption statutes are to be strictly construed. The power of a government to tax is not lightly to be parted with. And as section 2 of the Act of April 25, 1930, leaves it doubtful whether the products of such industries are included within its exemption, we feel constrained to hold that it was not the intention of the Legislature in the enactment of that section to exempt the products of such industries.

We are further of the opinion that to construe section 2, when read in connection with Act No. 1, of March 12, 1934, as exempting from taxation the products of the plaintiff's industry, to that extent, would be to render section 2 invalid as being in violation of section 3 of the Organic Act[3] of Puerto Rico, as amended; for such a construction would create a discrimination in favor of an article produced in Puerto Rico as respects similar articles imported from the United States and foreign countries and taxed in Puerto Rico. Such a discrimination section 3 of the Organic Act forbids.

Section 2 of the Twenty-First Amendment to the Constitution is without application to the facts in this case. It has to do with the importation of intoxicating liquors into Puerto Rico in violation of its laws. No question of that character is here involved.

If that amendment could be said to authorize, not merely permit, the imposition of a tax by Puerto Rico upon liquors imported into the island, it would not be in conflict with section 3 of the Organic Act as amended, for that section authorizes Puerto Rico to tax imported liquors as well as other imported articles; but as the legislative powers of Puerto Rico are only those authorized by Congress (acting under article 4, § 3, cl. 2, of the Constitution), Congress has the right in its grant of legislative powers to Puerto Rico to restrict its authority to enact laws imposing taxes on imports to such as do not discriminate against imports and in favor of like domestic products. The amendment, however, does not authorize Puerto Rico to enact laws, or render its exemption of domestic products, discriminating against imports of like character, valid. The Twenty-First Amendment simply withdraws the exclusive control of Congress, under the commerce clause (article 1, § 8, cl. 3), over commerce in intoxicating liquors, when their importation is in violation of the laws of a state, territory, or possession of the United States. It does not confer power upon Puerto Rico as to the enactment of its laws. That power it acquired by virtue of its Organic Act, which Congress is authorized to prescribe by virtue of article 4, § 3, cl. 2, of the Constitution.

The judgment of the United States District Court for Puerto Rico is vacated, and the case is remanded to that court, with direction to dismiss the complaint; costs to the appellant in both courts.

---

[3] Section 3, Organic Act (as amended [48 U.S.C.A. § 741a]):

"The internal revenue taxes levied by the Legislature of Puerto Rico in pursuance of the authority granted by this Act [chapter] on articles, goods, wares, or merchandise may be levied and collected as such legislature may direct, on the articles subject to said tax, as soon as the same are manufactured, sold, used, or brought into the island: Provided, That no discrimination be made between the articles imported from the United States or foreign countries and similar articles produced or manufactured in Puerto Rico."