**PAUL SMITH CONST. CO. v. BUSCAGLIA, Treasurer of Puerto Rico.**

**No. 3876.**

Circuit Court of Appeals, First Circuit.

Feb. 11, 1944.

E. T. Fiddler, of San Juan, Puerto Rico, for appellant.

I. Henry Kutz, Sp. Asst. to Atty Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

The complaint in this case was filed on June 29, 1942, in the District Court of the United States for Puerto Rico under the Declaratory Judgment Act, 48 Stat. 955, 28 U.S.C.A. § 400.

Section 28 of Act No. 74, approved August 6, 1925, as amended by Act No. 23, approved November 21, 1941, Laws, P.R. (1941, Special Session), p. 80, reads as follows:

"There shall be levied, collected, and paid for each taxable year on the net income of every corporation or partnership a tax of twenty (20) per cent on the net income in excess of the credits provided for in Section 34, except that domestic corporations and partnerships shall pay a tax of eighteen (18) per cent."

It is alleged in the complaint that the plaintiff, a corporation incorporated under the laws of the state of Florida, duly filed with the defendant Treasurer of Puerto Rico its income tax return for the calendar year ending December 31, 1941, and computed its tax on the net income shown therein at the rate of 18%, which is the rate provided for domestic corporations by § 28 of the taxing act above set forth. Plaintiff has paid the tax so computed. Thereafter the defendant sent the plaintiff a "Notice and Demand" for the payment of an additional tax in the amount of $3,524.16, representing an additional 2% on plaintiff's net income as reported. It is alleged that § 28 "is an unlawful attempt to deprive plaintiff of the equal protection of the laws guaranteed to it by Section 2 of the Organic Act of Puerto Rico [48 U.S.C.A. § 737], and that it is a violation of the provisions of Section 2 of the said Organic Act to the effect that the rule of taxation in Puerto Rico shall be uniform". The complaint prays that § 28 be declared to be void so far as the same purports to provide for taxation of the net incomes of

foreign corporations at a rate higher than that provided for the net incomes of domestic corporations; and that the proper rate of tax applicable to plaintiff's income for the taxable year be declared to be 18%.

On September 9, 1942, the court below entered an order dismissing the complaint.

■ It is conceded by appellant that if the District Court could not have granted an injunction restraining the Treasurer from collecting the asserted deficiency, then the court in the appropriate exercise of its discretion might properly have denied relief by way of declaratory judgment. Great Lakes Dredge & Dock Co. v. Huffman, 1943, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407.

But appellant maintains that the court below had jurisdiction to restrain the collection of the tax. Here appellant runs squarely into the Butler Act of March 4, 1927, 44 Stat. 1421, 48 U.S.C.A. § 872, which amended § 48 of the Organic Act of Puerto Rico by adding the following: "That no suit for the purpose of restraining the assessment or collection of any tax imposed by the laws of Porto Rico shall be maintained in the District Court of the United States for Porto Rico."

In applying the Butler Act in Sancho v. National City Bank of New York, 1 Cir., 1940, 112 F.2d 998, 1003, we took occasion to remark that the act "means what it says".

We have never been called upon to decide whether the Butler Act, despite its unqualified language, is to be read as subject to implied exceptions "in special and extraordinary circumstances", following decisions of the Supreme Court under the similar provision of R.S. § 3224, Int.Rev. Code, § 3653(a), 26 U.S.C.A. Int.Rev.Code, § 3653(a). Miller v. Nut Margarine Co., 1932, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Allen v. Regents, 1938, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448. If such exceptions are to be admitted they would only be in cases "when the taxpayer is put to the direst necessity, and can make out a case of gross and indisputable oppression, without adequate remedy at law." Concentrate Mfg. Corp. v. Higgins, 2 Cir., 1937, 90 F.2d 439, 441. No such extreme situation is presented here.

Appellant contends that the prohibition of the Butler Act should be held to be inapplicable in cases where the taxpayer has no remedy at law in the District Court of the United States for Puerto Rico. We do not think it would be possible, under the guise of interpretation, to read such a qualification into the Butler Act.

■ In Great Lakes Dredge & Dock Co. v. Huffman, supra, 319 U.S. at page 299, 63 S.Ct. at page 1073, 87 L.Ed. 1407, the court referred to the long-standing practice in federal courts of equity of refusing to interfere with the collection of state taxes "unless the threatened injury to the taxpayer is one for which the state courts afford no adequate remedy", a practice confirmed by Congress in the act of August 21, 1937, 50 Stat. 738, 28 U.S.C.A. § 41(1). In the present case the taxpayer had an adequate remedy under insular law. It might give a bond securing the tax and file a complaint with the Court of Tax Appeals, an administrative tribunal modelled somewhat after the pattern of the Tax Court of the United States. If the decision of the Court of Tax Appeals were adverse, the taxpayer might then, after paying the tax under protest, appeal to the Supreme Court of Puerto Rico. Upon a judgment of the Supreme Court of Puerto Rico in favor of the taxpayer, "the Treasurer of Puerto Rico shall proceed to reimburse him, chargeable to any funds in the Treasury, the amount of said judgment, plus interest on said sum at the rate of six (6) per cent per annum from the date of the filing of the appeal with said court". Act No. 172, approved May 13, 1941, Laws P.R. (1941) p. 1038; Act No. 23, approved November 21, 1941, Laws P.R. (1941, Special Session) pp. 72, 80 et seq., 88 et seq. See also Act No. 169, approved May 15, 1943. See Ballester v. Court of Tax Appeals, 1942, 60 P.R.R. 768. From the Supreme Court of Puerto Rico appeal would lie to this court, and ultimate review might be had in the Supreme Court of the United States, on certiorari.[1]

Under these circumstances, even without the express prohibition of the Butler Act, the District Court, on ordinary principles of equity jurisdiction, could properly have denied an injunction and left the taxpayer to pursue its statutory remedy as provided

[1] At the oral argument it was conceded by counsel on both sides that the provision of the Puerto Rican statute to the effect that the decisions of the Supreme Court of Puerto Rico in such cases "shall be final and unappealable", is inoperative to take away the appellate jurisdiction of this court under 28 U.S.C.A. § 225.

by insular law. If this proposition could be regarded as doubtful, the Butler Act removes any question as to the proper disposition of the present case.

The order of the District Court dismissing the complaint is affirmed, with costs to the appellee.