UNITED STATES BREWERS ASSOCIA-
TION, INC., et al., Plaintiffs,

v.

Julio CESAR PEREZ et al., Defendants.

Civ. No. 78–1370.

United States District Court,
D. Puerto Rico.

Aug. 29, 1978.

1160

Federico A. Cordero, Carolina, P. R., Feldstein, Gelpí, Hernández & Castillo, San Juan, P. R., for plaintiffs.

Vivian Reyes de Rodríguez, José A. Tulla, Department of Justice, San Juan, P. R., for defendants.

## OPINION AND ORDER

TORRUELLA, District Judge.

This is an action for injunctive and declaratory relief filed by five corporations engaged in the business of manufacturing beer for distribution and sale in interstate and foreign commerce, and by a trade association which allegedly represents the manufacturers of ninety five percent of the beer sold in the United States. The Defendants are the Secretary and the Director of the Bureau of Alcoholic Beverages of the Treasury Department of the Commonwealth of Puerto Rico.

Plaintiffs challenge the validity of Act 37 of July 13, 1978, enacted by the Legislative Assembly of the Commonwealth of Puerto Rico. Succinctly stated, this statute increases the internal revenue tax on beer produced by breweries whose annual production exceeds 31 million gallons, from $1.05 up to $1.60 per wine gallon or fraction of wine gallon; and establishes a procedure to exempt from that tax increase the beer ". . . produced or manufactured by persons whose total production . . . during its most recent tax year has not exceeded thirty one million (31,000,000) wine gallons . . ."

Plaintiffs allege that the evident intent and necessary effect of Act 37 is to discriminate in favor of the two local breweries by establishing a classification that subjects the Plaintiffs to the higher tax, while the only breweries which would qualify for the exemption are the local ones. It is Plaintiffs' contention that the statute in question is violative of Art. I, Section 8; Art. IV, Section 3, Clause 2; Art. VI, Clause 2 and the Fifth and Fourteenth Amendments to the United States Constitution. It is further alleged that the statute transgresses the Federal Relations Act, particularly 48 U.S.C. §§ 737 and 741a, in that it discriminates between articles imported from the United States or foreign countries and similar articles manufactured in Puerto Rico.

The controlling threshold question in this case is jurisdictional. The Butler Act, 48 U.S.C. § 872 reads as follows:

"No suit for the purpose of restraining the assessment or collection of any tax imposed by the laws of Puerto Rico shall be maintained in the district Court of the United States for Puerto Rico.

■ There are no recent court decisions interpreting the scope of this Act.[1] Read without qualification, it deprives this Court of power to entertain any action wherein it is sought, either directly or indirectly, to restrain the collection of a tax imposed under the Law of Puerto Rico, including suits for declaratory judgments. *Sancho v. National City Bank of N. Y.,* 112 F.2d 998 (C.A. 1, 1940); *Paul Smith v. Buscaglia,* 140 F.2d 900 (C.A. 1, 1944).

However, we do not read the Butler Act as an unqualified and blanket prohibition against equitable relief operative even in the presence of extraordinary and exigent circumstances.

The Court of Appeals for the First Circuit has clearly refused to foreclose the possibility that the Act may be subject to exceptions in certain cases. In *Sancho v. National City Bank of N. Y.,* supra, the Appellate Court stated that "the Butler Act

---

1. The latest case in point is *Everlasting Development Corp. v. Sol Luis Descartes,* 95 F.Supp. 954 (D.C.P.R.1951), aff'd. 192 F.2d 1 (C.A. 1, 1951), cert. den. 342 U.S. 954, 72 S.Ct. 626, 96 L.Ed. 709 (1952).

. . . means what it says." Id., at p. 1003. However, the Court went on to intimate that there may be exceptions to the prohibition where "the taxpayer is put to the direct necessity, and can make out a case of gross and indisputable oppression, without adequate remedy at law." Ibid. After examining the remedies available to the taxpayer in the Puerto Rico forums, the Court of Appeals concluded that no such "special and extraordinary circumstance[s]" were present as would justify the issuance of an injunction. Id. at p. 1004.

In a case that was decided four years after *Sancho,* the Court followed the same cautious path. *Paul Smith v. Buscaglia,* supra, although indicative of a refusal to definitely settle the issue, again admitted the plausibility of exceptions "in special and extraordinary circumstances" and reiterated that the absence of an adequate remedy at law may justify the exercise of the court's remedial power. Id., at pp. 901–902.

This clearly flexible approach to the language of 48 U.S.C. § 872 has been embraced by this Court. In *Boyce v. Buscaglia,* 77 F.Supp. 753 (D.C.P.R., 1948), the Court discussed the portent of the Butler Act within the context of an action brought by certain trustees of an express trust, praying for instructions as to their duty to their beneficiaries concerning certain income tax withholdings from dividends. Given the *sui generis* nature of the relief requested, the Court deemed it unnecessary to decide whether or not the Butler Act should be strictly construed. Nevertheless, the Court stated:

"This court is not prepared to hold that the Butler Act was intended to prevent this court from taking jurisdiction of a case such as this provided it is clearly shown that there is otherwise no adequate remedy. The Constitutional Federal Courts, even before the existence of any statutory provisions, normally refused to enjoin the collection of taxes so as to avoid hampering the State governments, but often made an exception in

cases where there was no adequate remedy at law . . . *It is doubtful whether the Butler Act intended to do more than to state the general principle and whether it was intended to prevent suits when there is no plain, speedy and efficient remedy . . . One can readily imagine cases where there would be no remedy whatsoever in the Insular courts, in which case the question might arise as to whether the Butler Act itself were constitutional* as prohibiting any action whatsoever to contest the validity of a tax." 77 F.Supp. at 756–757 (Emphasis added).

In the latest decision dealing with the instant subject: *Everlasting Development Corp. v. Sol Luis Descartes,* supra, the District Court was faced with a request for dismissal of an action seeking a declaratory judgment as to the right of the plaintiffs to tax exemption under a local statute. The court commenced its analysis from the premise that the declaratory suit's object was to avoid payment of taxes which had been or would be imposed as a result of Plaintiff's petition for tax exemption having been denied by Defendants, and that therefore the action was within the ban of the Butler Act.

After analogizing 48 U.S.C. § 872 with the similar provision contained in 28 U.S.C. § 1341, the court expressed:

"It might well be then, that if the plaintiffs here, as they allege, are without 'any remedy whatsoever in the Insular Courts of Puerto Rico', the instant case would come within the meaning of the term 'special and extraordinary circumstances' used by the Court of Appeals in the *Paul Smith* case, supra. If that were so, this court by virtue of reading such an implied exception into the Butler Act, could acquire jurisdiction . . ." 95 F.Supp. at 958.

Upon making such an important pronouncement, the court engaged in the same quest which had been invariably undertaken in all of the previous cases on the subject, i. e.,

whether the Plaintiffs had resort to adequate local remedies.[2]

In our opinion, the foregoing clearly evinces a judicial tendency to treat the Butler Act in a manner consistent with general equitable principles. However, the instant case presents certain additional factors which merit exploration before attempting to frame a definite construction of the statute.

Section 3 of the Organic Act, as amended, 44 Stat. 1418 (1927), 48 U.S.C. § 741a, limits the taxing authority of the Legislature of Puerto Rico by expressly prohibiting discrimination between articles imported from the United States or foreign countries and similar articles produced or manufactured in Puerto Rico. This clear-cut congressional enactment has been given full validity in several decisions. See, e. g., *San Juan Trading Co. v. Sancho,* 114 F.2d 969 (C.A. 1, 1940), cert. den. 312 U.S. 702; *Sancho v. Corona Brewing Corp.,* 89 F.2d 479 (C.A. 1, 1937), cert. den. 302 U.S. 699, 58 S.Ct. 18, 82 L.Ed. 540. However, courts have never been called upon to resolve the conflict that exists between this prohibition and the Butler Act, because the Butler Act has never been analyzed in situations like the instant one, where the taxing statute complained of *prima facie* falls under the ban of 48 U.S.C. § 741a.

In *Sancho v. Corona Brewing Corp.,* supra, a tax exemption favoring local products was declared void because it was in clear violation of Section 3 of the Organic Act. However, unlike *Everlasting Development Corp. v. Sol Luis Descartes,* supra, the declaration of invalidity of the tax exemp-

tion in *Corona* did not have the effect of restraining the assessment or collection of any tax.[3] Furthermore, in the "matches case", *San Juan Trading Co. v. Sancho,* supra., what was involved was an action to recover amounts *already paid* under protest. Hence, the purpose behind the approval of the Butler Act, which was to apply the same rule in Puerto Rico that applied in the United States, i. e., "to pay the tax first and then take an appeal"[4], was not transgressed.[5]

█ The importance of the prohibition against tax discrimination set forth in Section 3 of the Organic Act cannot be overlooked.[6] In our opinion, this provision ought to be harmonized with the Butler Act. In consonance with the decisions outlined above, we hold that the Butler Act cannot preclude the enjoinment of a Commonwealth's tax where a clear violation of 48 U.S.C. § 741a is established, and where there exists no plain, speedy and efficient remedy in the local forums. To rule otherwise would in effect portend that this Court is without power to construe, apply or give effect to the clear Congressional policy envisaged in Section 3 of the Organic Act,[7] and would render the same virtually inoperative. We are not willing to attribute such an intent to the draftsmen of these statutes.

As has been intimated in previous decisions,[8] we must also look to the general anti-injunction provision of 28 U.S.C. § 1341 as delineating the scope of our authority under the Butler Act. The cited statute reads:

---

2. The action was dismissed upon the court's determination that such remedies were indeed available.

3. It is interesting to note that the Court in *Corona* stated that the 21st Amendment to the Constitution did not authorize transgression of 48 U.S.C. § 741a; 89 F.2d at p. 481.

4. 68 Cong.Rec., p. 5025, quoted in *Sancho v. Nat. City Bank of N. Y.,* supra, at p. 999.

5. This Congressional intent clearly tends to restrict the thrust of the Butler Act's prohibition. That rationale behind the Act is inapposite to

the case at bar, where the taxpayers are not parties to the action.

6. 48 U.S.C. § 741a is still in full force by virtue of Art. IX, Section 1 of the Constitution of the Commonwealth of Puerto Rico.

7. See, *San Juan Trading Co. v. Sancho,* supra, at pp. 973–974.

8. See, *Everlasting Development Corp. v. Sol Luis Descartes,* supra; *Boyce v. Buscaglia,* supra.

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law *where a plain, speedy and efficient remedy may be had in the courts of such State.*" (Emphasis added).

■ It is true that the Butler Act is specifically addressed to the authority of the United States District Court for the District of Puerto Rico. It is also apparent that, read literally, the Butler Act is not on its face subject to the equitable exception established in 28 U.S.C. § 1341. However, we opine that both provisions must be given the same substantive construction or this Court would otherwise be placed in an anomalous and anachronic situation within the federal court system.

Even at a time when this Court was undoubtedly regarded as a statutory court, doubts were cast on whether the Butler Act was intended to prevent suits even beyond the qualifications inherent in 28 U.S.C. § 1341. See *Boyce v. Buscaglia,* supra, at 756–757; *Everlasting Development Corp. v. Sol Luis Descartes,* supra, at 956–958. Such doubts are even stronger at a time when the statutory character of this Court has been laid to rest. See, *Miranda v. United States,* 255 F.2d 9, 14–15 (C.A. 1, 1958); *United States v. Ramos Colón,* 415 F.Supp. 459, 465 n. 11 (D.C.P.R., 1976). Considering that this Court is now a constitutional district court pursuant to Article III, Section 2 of the Constitution, Ibid.[9] we express serious reservations as to the validity of an independent strict construction of the Butler Act.

But we need not reach said conclusion in this case, insofar as the cases discussed hereinbefore provide us with reliable authority to conclude that both sections are not dissimilar in their scope. They do not prevent remedial action in the absence of a "plain, speedy and efficient remedy" in the Courts of the Commonwealth of Puerto Rico.

Our inquiry thus turns to whether Plaintiffs here have resort to such an alternative avenue for relief.

Pursuant to 13 L.P.R.A. 282, 4060, a taxpayer is entitled to seek a refund of a tax paid under protest upon following a specified procedure. Since Plaintiffs herein are not taxpayers, they concededly cannot benefit from the refund procedure. In determining whether there exists an adequate remedy for injunctive relief in the Courts of Puerto Rico, it is necessary to refer to Section 678 of the Puerto Rico Code of Civil Procedure, which provides in its pertinent part:

"An injunction or restraining order cannot be granted . . . [t]o prevent the levying or collection of any tax levied by the laws of the United States or of Puerto Rico." 32 L.P.R.A. 3524(7).

This prohibition is absolute on its face. However, the highest Court of the Commonwealth of Puerto Rico has recognized that an injunction may lie where it is alleged that a tax is illegal and when it appears that the Petitioner is without an adequate remedy at law or that he would be subject to irreparable injury. See, *Cafeteros de P. R. v. Treasurer,* 74 P.R.R. 704, 715 (1953); *Cooperativa Cosecheros de Café v. Treasurer,* 69 P.R.R. 210, 214 (1948); *Fernández v. Buscaglia,* 60 P.R.R. 582 (1942).

Although 32 L.P.R.A. 3524(7) has been interpreted in light of universal principles of equity, we know of no case where the implementation of a taxing statute has been held to fall within the exception. Moreover, the Supreme Court itself has stated that even in cases where the Petitioner is not a taxpayer entitled to resort to the refund procedure, strong considerations of public policy may counsel against the exercise of extraordinary equity powers. *Cafeteros de P. R. v. Treasurer,* supra, at pp. 715–717. The same criteria are controlling in actions where the declaratory judg-

**9.** Article III, Section 2, Clause 1 of the Constitution states in its pertinent part:

"The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States . . ."

ment device is invoked to challenge the validity of a tax. See, *Larroca v. Aboy*, 82 P.R.R. 478, 484 (1961); *Cooperativa Cosecheros de Café v. Treasurer*, supra, at p. 214.[10]

On August 8, 1974, the Legislature of Puerto Rico added the following language to Section 3524:

"An injunction or restraining order cannot be granted:

1. . . .

2. . . .

3. To restrain the application or enforcement of any statute of the Legislature of Puerto Rico, or the performance by a public officer, a public corporation, or a public agency, or by any employee or officer of such corporation or agency of any act authorized by law of the Legislature of Puerto Rico, unless it has been determined by final, firm, unappealable, and unreviewable judgment that such statute or act authorized by law is unconstitutional or invalid.

.  .  .  .  .

"Provided, however, that the court may issue said temporary restraining order, preliminary or permanent injunction . . .:

(1) . . .

(2) When in the petition it is pleaded that any person, under the authority of any law, ordinance or regulation of the Commonwealth of Puerto Rico, is depriving or is causing someone else to deprive the petitioner of any right, privilege, or immunity protected by the Constitution or the laws of the Commonwealth of Puerto Rico or by the Constitution or the laws of the United States of America applicable to persons under jurisdiction of the Commonwealth of Puerto Rico."

It is discernible that this amendment enlarges the power of the Commonwealth

Courts to issue injunctions in appropriate cases. However, the Supreme Court of Puerto Rico has not been called upon to construe the amendment against the still effective ban of 32 L.P.R.A. 3254(7).

█ In view of the foregoing, and considering the nature of the injuries alleged in this case, we cannot definitely ascertain whether the Law of Puerto Rico provides the "plain, speedy and efficient" remedy that would deprive this Court of power to entertain the present action. This uncertainty as to the availability and adequacy of a local remedy is sufficient to preclude the dismissal of the instant action. *Garrett v. Bamford*, 538 F.2d 63 (C.A. 3, 1976), cert. den. 429 U.S. 977, 97 S.Ct. 485, 50 L.Ed.2d 585; *Sterling Shoe Co. v. Norberg*, 411 F.Supp. 128 (D.C.R.I., 1976). We therefore deny Defendants' request for dismissal. However, in view of the doubts presented by the Law of Puerto Rico and considering the "special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law", *Rizzo v. Goode*, 423 U.S. 362, 378, 96 S.Ct. 598, 607, 46 L.Ed.2d 561 (1976), we will hold our equitable hand at the present instance while Plaintiffs seek, as they are hereby directed to do *forthwith*, a decision from the Commonwealth Courts as to the issues raised in this case, and particularly, concerning the existence of an adequate right of action. Cf. *Díaz González v. Colón González*, 536 F.2d 453 (C.A. 1, 1976).[11]

This Court will nevertheless retain jurisdiction over this suit pending consideration by the Commonwealth Courts of the validity and availability of the remedies which Defendants allege are extant. One of the considerations that shall guide us in deciding any future action by this Court will be the speed with which the Commonwealth Courts act upon submission of the controversy.

IT IS SO ORDERED.

---

10. The United States Supreme Court has recently determined that in actions where the State's assessment of taxes is challenged on constitutional grounds, 28 U.S.C. § 1341 requires dismissal if a declaratory judgment action to challenge the imposition of the tax is available in the Courts of the State. *Tully v.*

*Griffin*, 429 U.S. 68, 74–75, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976).

11. Considering our present holding, Plaintiffs request for extension of the Temporary Restraining Order issued on July 19, 1978 must also be DENIED.