Francis E. WRIGHT, Plaintiff,

v.

John DOE, also known as John Soshea,
Defendant.

No. 72-173-Civ.

United States District Court,
M. D. Florida,
Tampa Division.

Aug. 24, 1972.

Edward B. Rood, Rood & Hapner, Tampa, Fla., William F. Blews, Chambers & Blews, St. Petersburg, Fla., for plaintiff.

Oscar Blasingame, Asst. U. S. Atty., Tampa, Fla., for defendant.

## ORDER ON MOTION TO REMAND

HODGES, District Judge.

This case was instituted in the state courts. The complaint alleged that the Defendant is a medical doctor and had previously treated the Plaintiff from 1958 to 1967. During the course of such treatment the Defendant frequently prescribed Aralen and allegedly ". . . misrepresented the characteristics and qualities of the Aralen medication to the

Plaintiff and deceived him as to its physical effects." Unlike the usual suit brought by a patient against his physician, the complaint is conspicuously devoid of any allegation of negligence or a failure to provide proper professional care.

The Defendant's answer disclosed, among other things, that his treatment of the Plaintiff occurred in the course of the Defendant's duties as an employee of the Department of Medicine and Surgery, U. S. Veterans Administration. The Government thereupon moved to be substituted as Defendant, and also filed a petition for removal of the case to this court pursuant to 38 U.S.C.A. § 4116.

The Plaintiff has now moved to remand to the state court. He argues, quite candidly, that the complaint was carefully and deliberately prepared so that his stated cause of action was confined to the tort of "misrepresentation" and, as such, is expressly excluded from the purview of the Federal Tort Claims Act (28 U.S.C.A. § 1346(b)) by the exceptions enumerated in 28 U.S.C.A. § 2680(h).[1]

In a novel twist, the Government seeks to assume rather than avoid liability, and it counters by pointing out that removal was affected pursuant to the specific provisions of 38 U.S.C.A. § 4116:

"§ 4116. *Defense of certain malpractice and negligence suits.*

"(a) The remedy against the United States provided by sections 1346(b) and 2672 of title 28 for damages for personal injury . . . allegedly arising from malpractice or negligence of a physician . . . in furnishing medical care or treatment while in the exercise of his duties in or for the Department of Medicine and Surgery

shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against such physician . . . whose act or omission gave rise to such claim.

"(b) The Attorney General shall defend any civil action or proceeding brought in any court against any person referred to in subsection (a) of this section (or his estate) for any such damage or injury . . ."

The issue presented, therefore, is whether 38 U.S.C.A. § 4116 was intended to embrace all torts committed by V. A. medical personnel in the course of their employment, or only those torts that are actionable under the Federal Tort Claims Act, i. e., those torts not excluded by the provisions of 28 U.S.C.A. § 2680.

In essence, Plaintiff contends that the purpose and effect of 38 U.S.C.A. § 4116 was to provide individual immunity to V. A. medical personnel, such as that provided by the Federal Drivers Act (28 U.S.C.A. § 2679(b)), but only with regard to those torts for which the Government is also responsible, jointly or vicariously, under the Federal Tort Claims Act. Conversely, if the tort is excluded by 28 U.S.C.A. § 2680(h) so that the Government is not responsible, then 38 U.S.C.A. § 4116 is inapplicable and the employee-doctor remains solely and individually liable.

█ It seems well settled that the tort of misrepresentation referred to in 28 U.S.C.A. § 2680(h) includes a negligent as well as a wilful or deliberate misrepresentation. E. g., United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961); Hungerford v. United States, 307 F.2d 99 (9th Cir. 1962); Marival, Inc. v. Planes, Inc., 306

---

1. 28 U.S.C.A. § 2680(h) :
   "The provisions of this chapter and section 1346(b) of this title shall not apply to—
   *   *   *   *   *
   (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation*, deceit, or interference with contract rights." (Emphasis supplied).

F.Supp. 855 (N.D.Ga.1969). Thus, laying 38 U.S.C.A. § 4116 aside for the moment, it will be assumed that the Plaintiff's stated cause of action is within the exception provided by 28 U.S.C.A. § 2680(h) and not maintainable against the United States even though, *on the same facts*, the Plaintiff might have stated a negligence claim against the Government so as to avoid the exclusion and stay within the main framework of the Federal Tort Claims Act.[2] In Moos v. United States, 118 F.Supp. 275 (D. Minn.1954), affirmed, 225 F.2d 705 (8th Cir. 1955), for example, a V. A. physician mistakenly performed his surgical skills upon the plaintiff's right leg and hip when the left side had been the planned site of the operation. Construing this calamity as an assault and battery, the court dismissed a Federal Tort Claims action against the United States by applying the exclusionary provisions of 28 U.S.C.A. § 2680(h) even though a separate claim could have been stated in negligence. See also, Kilduff v. United States, 248 F.Supp. 310 (E.D.Va.1961); but compare Lane v. United States, 225 F.Supp. 850 (E.D.Va.1964).

These authorities and the result they suggest are of no real aid to the Plaintiff, however, because they were decided prior to the enactment of 38 U. S.C.A. § 4116. Indeed, an analysis of that section and its legislative history clearly indicates that the very purpose of the Act was to avoid the result exemplified by *Moos*, and to extend the broadest possible protection to V. A. medical personnel concerning tortious liability arising out of the course of their employment and the performance of their professional duties.

There appears to be only one decision since the enactment of 38 U.S.C.A. § 4116 that considers the question presented by this case and, to be sure, it reaches a contrary result. Smith v. Di Cara, 329 F.Supp. 439 (E.D.N.Y.1971). In that case, as in this one, the plaintiff had instituted suit in the state courts against a V. A. physician. The case was removed to the District Court and a motion to remand was filed. Plaintiff, an employee of the Post Office Department, had been required by his superiors to submit to a physical examination by the Defendant-physician. Defendant reported that the Plaintiff was an obviously heavy user of alcoholic beverages. Plaintiff sued for defamation. The Court held that the tort of defamation was excluded from the Federal Tort Claims Act by 28 U.S.C.A. § 2680(h), and that § 4116 was not intended to immunize V. A. physicians charged with defamatory conduct. The case was thus remanded to the state courts. In reaching that result the Court apparently reasoned that if 38 U.S.C.A. § 4116 provided immunity to the individual defendant upon removal, and if the Government is immune under 28 U.S.C.A. § 2680(h), then neither would be liable and the plaintiff would be left without a remedy—an anomaly the Court understandably desired to shun. With sincere respect for a brother District Judge, this Court believes such reasoning to be in error. It assumes that the Government immunity under § 2680(h) would still exist in a case to which § 4116 applies, and the anomaly produced by that approach is the very reason it should not be taken. In effect, the Court gave each of the two sections an independent yet circular operation. When the two stat-

---

2. The assumption made in the text merely affords the Plaintiff the benefit of the doubt on this question and permits not only a full consideration of the ultimate issue involved, but a decision that is believed to be on firmer ground. It might well be concluded, however, contrary to the assumption made, that any claim of "misrepresentation" by a physician also involves, as a matter of law, a claim of improper care which is not excluded by 28 U.S.C.A. § 2680(h). At least that result has been reached in reverse circumstances, i. e., where the injured patient is seeking to hold the Government liable. Hungerford v. United States, *supra*; Beech v. United States, 345 F.2d 872 (5th Cir. 1965).

utes are properly construed together, however, with particular reference to the more recent enactment and special purpose of § 4116, a different result obtains.

Section 2680(h) is a statute of aging vintage and has general application to all suits brought against the Government. Section 4116, on the other hand, was enacted as recently as 1965 [3] and is specifically limited to suits arising out of the furnishing of medical care and treatment by professional personnel employed by the Department of Medicine and Surgery. It is also significant that the section is applicable in express terms to "malpractice *or* negligence." (Emphasis supplied.) Negligence, of course, is a well defined term of art. Whether the word "malpractice" has reached that status in the law may yet be a problematical question. There are instances, no doubt, in which the two terms are used as synonyms. In the main, however, malpractice is now defined as any bad or unskillful practice on the part of a physician or other professional. See Atkins v. Humes, 107 So.2d 253 (Fla.App. 2nd Dist.1958). At its least the term encompasses not only negligence or the failure to use reasonable care, but also a lack of minimum professional knowledge and skill. W. Prosser, Law of Torts, § 32, at 164 (3d Ed. 1964); 61 Am.Jur.2d, Physicians and Surgeons, § 105 (1972). At its most the term may well include any tortious conduct, such as fraud or assault and battery, committed by a physician in the course of providing medical treatment or care. See E. g., Shehee v. Aet-

na Casualty & Surety Co., 122 F.Supp. 1 (W.D.La.1954); Woods v. Brumlop, 71 N.M. 221, 377 P.2d 520 (1962); Calabrese v. Bickley, 208 Misc. 407, 143 N.Y.S.2d 846 (Sup.Ct.1944).

In this instance the conclusion is inescapable that Congress employed the term "malpractice" in its broadest sense, thereby conveying the intention to afford protection to V. A. medical personnel in the performance of their duty without regard to the legal niceties of any particular claim. The Chairman of the Senate Subcommittee on Veteran's Affairs explained that the Act was designed: [4]

". . . to provide protection to physicians, dentists and nurses in the Department of Medicine and Surgery of the Veteran's Administration, in the event of a *malpractice* suit brought against them. In effect the Attorney General would defend *any civil action* brought against a physician, dentist or nurse arising out of his employment." (Emphasis supplied).

This Court is thus persuaded that 38 U.S.C.A. § 4116 was conceived to accomplish a dual purpose. First it extends individual immunity to V. A. medical personnel; and, secondly, in order to make that protection full, it renders the Government liable in those special and limited circumstances regardless of the immunizing exceptions that would otherwise apply under the Federal Tort Claims Act by virtue of 28 U.S.C.A. § 2680.

It follows that the motion to remand must be, and is hereby, denied.

---

3. Pub.L. 89–311, § 6(a), Oct. 31, 1965, 79 Stat. 1156.

4. Letter from Ralph W. Yarbrough, Chairman, Subcommittee on Veteran's Affairs, to Harry F. Byrd, Chairman, Committee on Finance, U.S.Code Congressional & Administrative News, Vol. 2, pp. 3927–3928 (1965).