**Aurea Colon COLLAZO and Horacio O. Morales, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

Civ. No. 1098–72.

United States District Court, D. Puerto Rico.

Oct. 10, 1973.

Heriberto Febus Bernardini, Río Piedras, P. R., for plaintiffs.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

This Federal Tort Claims Act's cause is before the Court upon defendant's motion to dismiss coplaintiff Horacio O. Morales' action predicated on the allegation that this Court lacks jurisdiction to entertain at present his action.

■ Coplaintiff Horacio O. Morales claims damages allegedly suffered by him because of an accident directly suffered by his wife (coplaintiff Aurea Colón Collazo) due allegedly to defendant's negligence. Defendant asserts Mr. Morales has not filed an administrative claim in relation to his claim and that, therefore, has no standing to sue before this Court. Such assertion stems from the proposition that under Section 2675(a) [1] of the Federal Torts Claim Act, it is required that before a tort action is filed against the United States of America, an administrative claim be filed with the appropriate agency; and that a failure to so do is an absolute bar toward bringing a civil action in tort against it before a Federal court, for under such circumstances, a claimant will be without standing to prosecute suit against it. Furthermore, defendant asserts that plaintiff's action is deficient insofar as he fails to allege in the complaint that he has presented his claim to the appropriate Federal agency

1. Section 2675(a) of the Federal Torts Claim Act, Title 28, United States Code, provides in the pertinent part as follows:

"(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. * * *."

and that there has been a final disposition of the claim by the involved agency.

Mr. Morales, in his opposition to defendant's motion, proposes that Section 2675(a) of Title 28, United States Code, does not require a person other than the one directly injured to file said claim. He further alleges that the required administrative claim was filed by his wife for the direct injuries suffered by her. Accordingly, he asserts that the administrative agency has been properly notified of the accident (by his wife's claim), that the goal and objectives of the involved Section have been met and that said Section should be restrictively constructed so as to allow his present claim.

The Court, after fully studying the propositions of the parties is of the opinion that defendant's motion is well taken and that, accordingly, it should be granted.

■ By enacting the Federal Tort Claims Act, Title 28, United States Code, Section 2671 et seq., the United States of America has granted express consent to be sued; thus waiving its sovereign immunity. In so doing, it may define the conditions and limitations under which such suits are permitted. Honda v. Clark, 386 U.S. 484, 501, 87 S. Ct. 1188, 18 L.Ed.2d 244 (1967); Peterson v. United States (8 Cir. 1970), 428 F.2d 368; Battaglia v. United States (2 Cir. 1962), 303 F.2d 683, 685.

■ Having the United States of America seen fit to impose conditions and limitations on the right to be sued, as reflected by the statute herein involved, these must be observed and exceptions thereto are not to be implied. Soriano v. United States, 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957); Hamilton v. Nakai (9 Cir. 1972), 453 F. 2d 152, 159; Crown Coat Front Co. v. United States (D.C.N.Y.1967), 275 F. Supp. 10, 15.

■ The requirement of Title 28, United States Code, Section 2675(a), that a claim under the Federal Tort Claims Act be first submitted to the appropriate administrative agency is aimed at sparing the court the burden of trying cases when the administrative agency can settle the case without litigation. Robinson v. United States Navy (D.C.Pa.1972), 342 F.Supp. 381. Such purpose is present even when the claim is filed by a person, as in the present cause, who happens to only claim the damages allegedly suffered by him because of an accident directly suffered by someone else.

Furthermore, in this cause plaintiff has not shown that exceptional circumstances or compelling reasons exist that may overcome the fact that the Section 2675(a) requirement is jurisdictional and cannot be waived. Bialowas v. United States (3 Cir. 1971), 443 F.2d 1047, 1050.

In view of the foregoing, the Court hereby

Orders that the present action as to coplaintiff Horacio O. Morales be and the same is hereby dismissed.

It is so ordered.