**SEATEC INTERNATIONAL, LTD., Plaintiff,**

v.

**SECRETARY OF THE TREASURY, Defendant.**

**Civ. No. 81–329 (PG).**

United States District Court, D. Puerto Rico.

Sept. 17, 1981.

Nicolás Jiménez, San Juan, P. R., for plaintiff.

Secretary of Justice of P. R., Nicolás Jiménez, Jiménez & Fusté, Tomas R. Lincoln, Dept. of Justice, San Juan, P. R., for defendant.

## OPINION AND ORDER

PEREZ–GIMINEZ, District Judge.

This is an action for injunctive and declaratory relief brought by Seatec, a corporation engaged in the marine engineering business, to restrain the Secretary of the Treasury Department of the Commonwealth of Puerto Rico from collecting the unpaid excise tax on plaintiff's equipment and to order defendant to refund the amounts paid under protest which we may conclude were unduly assessed and paid.

Plaintiff challenges the validity of the Excise Act of Puerto Rico, 13 L.P.R.A. § 4001 et seq., as applied to plaintiff in this case. It is plaintiff's contention that the above named statute is violative of Article I, Section 8, Clause 3 (Commerce Clause); Article I, Section 10, Clause 2 (Import-Export Clause); Article 4, Section 2, and the Fifth and Fourteenth Amendments to the United States Constitution.

Defendant filed a motion to dismiss on the sole ground that the Butler Act,[1] 48 U.S.C. § 872, prohibited suits in federal court for the purpose of restraining the assessment of collection of local taxes.

This Court has previously held that the Butler Act can not preclude the enjoinment of a Commonwealth's tax where there exists no plain, speedy and efficient remedy in the local forums. *United States Brewers Ass'n., Inc. v. Pérez*, 455 F.Supp. 1160 (D.C. P.R., 1978), 592 F.2d 1212 (1 Cir., 1979). According to the First Circuit Court of Appeals, the district court's reluctance to read the Butler Act as an absolute ban is generally in accord with the limited case law applying this Act. *United States Brewers Ass'n. v. Pérez, supra*, at 1213–14, n.2. The First Circuit cites the following cases: *Paul Smith Construction Co. v. Buscaglia*, 140 F.2d 900, 901 (1 Cir., 1944); *Sancho v. National City Bank of New York*, 112 F.2d 998, 1003 (1 Cir., 1940); *Everlasting Development Corp. v. Sol Luis Descartes*, 95 F.Supp. 954, 958 (D.C.P.R., 1951) aff'd. on other grounds 192 F.2d 1 (1 Cir., 1951), cert. den. 342 U.S. 954, 72 S.Ct. 626, 96 L.Ed. 709 (1952); *Boyce v. Buscaglia*, 77 F.Supp. 753, 756–57 (D.C.P.R., 1948).

In order to decide whether we have jurisdiction in this case we must answer the question of whether the plaintiff has resort to adequate local remedies. It is defendant's contention that plaintiff has a sufficient remedy in the local courts under the general provisions of law covering injunctions, 32 L.P.R.A. 3521 to 3533, and under the recoupment procedure for taxes paid under protest, 13 L.P.R.A. 261 to 290.

---

1. The Butler Act reads as follows:

"No suit for the purpose of restraining the assessment or collection of any tax imposed by the laws of Puerto Rico shall be maintained in the District Court of the United States for Puerto Rico."

In determining whether there existed an adequate remedy for injunctive relief in the Courts of Puerto Rico, the district court in *United States Brewers Ass'n. v. Pérez, supra,* referred to 32 L.P.R.A. 3524(7),[2] and as to said statute stated at page 1163:

"Although 32 L.P.R.A. 3524(7) has been interpreted in light of universal principles of equity, we know of no case where the implementation of a taxing statute has been held to fall within the exception . . . . The same criteria are controlling in actions where the declaratory judgment device is invoked to challenge the validity of· a tax. See *Larroca v. Aboy*, 82 P.R.R. 478, 484 (1961); *Cooperativa Cosecheros de Café v. Treasurer*, supra, at p. 214."

The procedure for litigating excise taxes is by review in the Superior Court of Puerto Rico of the determination of the Secretary of the Treasury refusing to grant a petition to refund. 13 L.P.R.A. 282. The recoupment procedure under the facts of the case at bar is not a plain, speedy, efficient, nor adequate remedy in the local courts. The holding of *RCA v. Government of the Capital,* 91 P.R.R. 404 (1964) that the Interstate Commerce Clause of the Constitution of the United States does not apply to Puerto Rico, effectively forecloses whatever remedies the plaintiff could seek in the local courts. In *Sea-Land Services, Inc. v. Municipality of San Juan,* 525 F.Supp. 533 (D.C.P.R., 1980) the court stated at page 545 that "in the absence of clear congressional acquiescence to the contrary, Puerto Rico is constrained by the prohibitory implications of the Commerce Clause, as construed by the Supreme Court of the United States. . . .". Defendant implies that this decision of the federal court is binding upon the local administrative agencies and courts. However, "because lower federal courts exercise no appellate jurisdiction over state tribunals, decisions of lower federal courts are not conclusive on state courts". *United States Ex Rel. Lawrence v. Woods,* 432 F.2d 1072 (7 Cir., 1970). See

also: *Owsley v. Peyton,* 352 F.2d 804, 805 (4 Cir., 1965).

WHEREFORE, in view of the foregoing, the Court ORDERS that defendant's Motion to Dismiss, be and is hereby DENIED;

AND FURTHER ORDERS that the case be referred to a U. S. Magistrate for setting of a status conference forthwith.

IT IS SO ORDERED.

---

2. Said statute provides in its pertinent parts: "An injunction or restraining order cannot be granted . . . [t]o prevent the levying or collecting of any tax levied by the laws of the United States or of Puerto Rico."