Reina Colon Vda. De BENITEZ, etc., Plaintiffs,

v.

PRESBITERIAN HOSPITAL, et al, Defendants.

Civ. No. 82–0947(PG).

United States District Court, D. Puerto Rico.

May 19, 1982.

Francisco Agrait Oliveras, Hato Rey, P. R., for plaintiffs.

Raymond L. Acosta, U. S. Atty., Hato Rey, P. R., for Doctors Pagán, Fuertes, García, Cruz Soto, Amadeo and Smestad.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

This case was first instituted by the widow and children of Mr. José A. Benítez in the state courts. The complaint alleged that co-defendants are medical doctors employed by the Veteran's Administration Hospital who had treated Mr. José A. Benítez on March 13, 1978. The complaint further alleged that due to a failure to provide proper professional care, Mr. José Benítez died. The U. S. Government thereupon filed a petition for removal of the case to this Court pursuant to 38 U.S.C. § 4116(a). Subsequently, the Government moved for substitution as defendant and for dismissal of the action because of plaintiffs' alleged failure to exhaust in time the administrative claim requirements of 28 U.S.C. § 2675(a). No opposition to the Government's motion has been filed by plaintiffs.

Removal was effected pursuant to the specific provision of 38 U.S.C. § 4116:

"Defense of certain malpractice and negligence suits.

"(a) The remedy against the United States provided by sections 1346(b) and 2672 of title 28 [the Federal Torts Claims Act] for damages for personal injuries including death allegedly arising from malpractice or negligence of a physician . . . in furnishing medical care or treatment while in the exercise of his duties in

or for the Department of Medicine and Surgery shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against such physician . . . whose act or omission gave rise to such claim.

"(b) The Attorney General shall defend any civil action or proceeding brought in any court against any persons referred to in subsection a of this section (or his estate) for any such damage or injury . . . ."

■ The proper defendant in actions under the Federal Tort Claims Act is the United States, 28 U.S.C. § 2679; *Miller v. United States*, 458 F.Supp. 363 (D.C.P.R., 1978). The purpose of Section 4116 of Title 38 is to extend the broadest possible protection to the Veteran's Administration medical personnel concerning tortious liability arising out of the course of their employment and performance of professional duties. *Wright v. Doe*, 347 F.Supp. 833 (D.C.Fla., 1972). Co-defendants Drs. Víctor Pagán, Milton Fuertes, Milton García, M. A. Cruz Soto, José H. Amadeo and Kenneth L. Smestad were physicians at the Veterans Administration Hospital acting within the scope of their employment,[1] and as such, they could not be held individually liable even if in fact they were somehow negligent. *Johnson v. United States*, 547 F.2d 688 (D.C.Cir., 1976). The United States must be substituted as the only federal co-defendant in this case, and thus, the complaint against the physicians named before must be dismissed.

28 U.S.C. § 2675(a) provides that no action shall be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment unless the claimant shall have first presented the claim to the appropriate federal agency and his claims should have been finally denied by the agency in writing and sent by certified or registered mail.

■ This administrative claim requirement is jurisdictional in nature and cannot be waived. *Blain v. United States*, 552 F.2d 289 (9 Cir., 1977); *Melo v. United States*, 505 F.2d 1026 (8 Cir., 1974); *Bialowas v. United States*, 443 F.2d 1047 (3 Cir., 1971). What is required to qualify as a claim is established by regulation. 28 C.F.R. 14.2(a) provides:

"For purposes of the provisions of Section 2672 of Title 28, United States Code, a claim shall be deemed to have been presented when a Federal Agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages, in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident."

In a letter dated March 12, 1979, co-plaintiff Mrs. Reina Benítez wrote to the Veterans Administration Hospital and expressed the view that she was damaged for her husband's death due to the negligence or fault of the Hospital's employees and doctors. The nature of Mr. Benítez' death is not stated in the letter nor is any statement made with reference to the amount of damages claimed. On March 21, 1979, the District Counsel for the Veterans Administration Center in Puerto Rico, Otto J. Riefkohl, wrote to Mrs. Benítez, acknowledged receipt of plaintiff's letter, and enclosed a Form 95 informing her that she should complete said form so that the Veterans Administration could investigate and evaluate the claim (Defendant's Exhibit). Plaintiffs did not complete the form nor returned it to the Veterans Administration. Plaintiffs' failure to complete Form 95 as requested by the Veterans Administration constituted a failure to file an adequate administrative claim as required by 28 U.S.C. 2675(a). *Hunter v. United States*, 417 F.Supp. 272 (N.D.Cal., 1976). Furthermore, no adequate administrative claim can be filed at the present moment for 28 U.S.C. 2401(b) provides in its pertinent part:

---

1. See certification submitted by the U. S. Attorney, Raymond Acosta, under the authority conferred on him by the Attorney General through 28 C.F.R. 1563(a).

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...."

See *Conyugal Partnership v. Gracia*, 331 F.Supp. 521 (D.C.P.R., 1971); *Collazo v. United States*, 372 F.Supp. 61 (D.C.P.R., 1973). When a sufficient administrative claim is not filed with the proper agency within the statutory period, the claim is barred.[2] *Mudlo v. United States*, 423 F.Supp. 1373 (W.D.Pa., 1976); *Bialowas v. United States, supra; Driggers v. United States*, 309 F.Supp. 1377 (D.S.C., 1970); *Landis v. United States*, 335 F.Supp. 1321 (D.C.Ohio, 1972). In conclusion, since a proper administrative claim was not filed within the period of the applicable statute of limitations, plaintiffs' causes of action against the United States are forever barred. The only defendant left in this case is the Presbiterian Hospital. Since no independent jurisdictional basis exists over plaintiffs' claim against the Presbiterian Hospital, the case should be remanded to the State court from which this case was removed.

For the reasons set forth above, it is ORDERED that the Government's motion for substitution of party defendant and dismissal of action, be and is hereby GRANTED; and it is further ORDERED that the Clerk of Court enter judgment dismissing the complaint against Drs. Víctor Pagán, Milton Fuertes, Milton García, M. A. Cruz Soto, José H. Amadeo and Kenneth L. Smestad, and against the United States; and it is further ORDERED that the case be REMANDED to the Superior Court of Puerto Rico, San Juan Part.

IT IS SO ORDERED.

2. Co-plaintiff's letter to the Veterans Administration did not toll the two-year statute of limitations. *College v. United States*, 572 F.2d 453 (4 Cir., 1978).