Maria Luisa DEL VALLE RIVERA; Irma Teresa Colon; Juan Isidro Colon; Juan Gerardo Colon; and Maria De Lourdes Colon, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 85–0144 (JAF).

United States District Court, D. Puerto Rico.

Jan. 21, 1986.

See also, D.C., 630 F.Supp. 750.

Wilfredo A. Geigel, Santurce, P.R., Thomas R. Lincoln, San Juan, P.R., for plaintiffs.

Fidel A. Sevillano, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## MEMORANDUM OPINION

FUSTE, District Judge.

Juan Isidro Colón died while hospitalized at the Veterans Administration Hospital.

His widow, María Luisa del Valle Rivera, filed an administrative claim on the standardized Form 95 prescribed by the Department of Justice, 28 C.F.R. § 14.2. The named claimant was the "Estate of Juan I. Colón" and the amount of the claim was $200,000. Said claim was filed before the Agency by Attorney Wilfredo A. Géigel on behalf of the mentioned estate.

The final administrative disposition was made on November 5, 1984. Claimant's petition for compensation was denied. The widow of Juan I. Colón initiated the present action naming individually as plaintiffs the heirs of Juan I. Colón that had been subsequently named in the administrative tort claim process. Now comes the United States requesting the dismissal of the present complaint based on the following reasons:

(a) That in the complaint the jurisdictional basis of their claim was not pleaded,

(b) that the children of Juan I. Colón, to wit: Irma Teresa, Juan Isidro, Juan Gerardo, and María de Lourdes Colón had not exhausted the administrative remedies as required by 28 U.S.C. § 2675,

(c) the original claimant mentioned, to wit: The Estate of Juan I. Colón, is not a person with the capacity to sue according to local state law, and

(d) that for any of the single reasons, the case should be dismissed as to all the plaintiffs.

Taking into consideration the specific facts [1] of the present case, we hold that the Motion to Dismiss shall be DENIED.

## I.

■ Defendant has raised the argument that plaintiffs' Complaint did not allege the jurisdictional grounds for their suit. Even though such defect in the pleadings warrants the dismissal of the case, Fed.R. Civ.P. 8(a)(1), a plaintiff has a right to amend his allegations so as to cure the defective pleading. Wright, *Federal Courts* 450 (4th ed. 1983). In the present case, plaintiffs have submitted an Amended Complaint where proper jurisdiction has been pleaded. We exercise discretion and accept the jurisdictional allegation.

## II.

■ The Federal Torts Claim Act was approved by Congress in 1946 as an affirmative act of the Sovereign consenting to be sued. *Affiliate UTE Citizens of The State of Utah v. United States*, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972), *reh. denied*, 407 U.S. 916, 92 S.Ct. 2430, 32 L.Ed.2d 692 (1972). In the exercise of this power, the United States clearly defined the conditions under which tort actions against it should be conducted. In 1966, Congress amended the FTCA as to require that the individual who claims that an agency of the Federal Government has done him harm must first request an administrative determination by the agency imputed with the tortious conduct. 28 U.S.C. 2675(a). Said requirement is jurisdictional and cannot be waived. *Collazo v. U.S.*, 372 F.Supp. 61 (D.P.R.1973); *Van Fossen v. United States*, 430 F.Supp. 1017, 1021 (D.Cal.1977). Determining whether the administrative requirements have been complied with, the First Circuit has established that the purpose of the FTCA is to accord injured parties an opportunity for recovery "as a matter of right" and that the enactment of the law was not intended to "put up a barrier of technicalities to defeat their claims". *López v. United States*, 758 F.2d 806, 809 (1st Cir.1985).

■ The principal and relevant purpose of the administrative Federal Tort claim is to notify the government of the existence of the claim *and* also to provide the government with "more complete informa-

---

**1.** The United States has *temporarily* waived the issue of contested facts. In a Fed.R.Civ.P. 12 motion, the movant is deemed to face his adversary pleadings of fact in the light most favorable to the adversary. In any event, the Rule 12 motion is to be treated as a Fed.R.Civ.P. 56 motion for summary judgment. Matters outside the scope of the pleadings have been presented as part of the motion. *See, e.g., General Office Products Corp. v. A.M. Capen's Sons, Inc.*, 780 F.2d 1077, 1078 (1st Cir.1986.).

tion as to the number of persons interested in the claim so that the value of the settlement can be accurately assessed." *Jackson v. United States,* 558 F.Supp. 14 (D.D. C.1982), *aff'd* 730 F.2d 808 (D.C.Cir.1984). In *Estate of Santos v. U.S.,* 525 F.Supp. 980 (D.P.R.1981), the Court considered that the relevant criteria for a correct administrative claim was whether the agency was fully aware *who* were the individuals actually pursuing a claim *and* the nature of the petition. Wherefore, a claim is valid if the claimant gives the agency written notice of the claim sufficient in form to enable the agency to investigate and place value on the total claim. *López v. United States, supra; Fagot v. FDIC,* 584 F.Supp. 1168 (D.P.R.1984). These requirements are met here.

### III.

██ Having decided that a valid claim consists of giving full and specific notification of who are the claimants and the nature of the injury and relief sought to be redressed, we now examine who may file an administrative claim. The codified rule that regulates this issue provides that the claim based on death may be presented by the executor or administrator of the decedent's estate, *or by any other person legally entitled to assert such a claim in accordance with applicable state law.* 28 C.F.R. § 14.3(c).

The issue in this respect is whether the claimants were "person(s) legally entitled to assert such claim" under the laws of Puerto Rico. In *Van Fossen,* the Court interpreted 28 C.F.R. § 14.3(c) expressing that the frame of analysis should bear in mind the intent behind this section. There the court stated that: "... [FTCA] is meant to benefit claimants and in no way is designed to preclude them from their day in court." (at 1022).

In *Van Fossen,* the court held that the proper interpretation of Regulation 14.3(c) is that any person who is intended to be the legal *beneficiary* of a wrongful death action under the substantive law of the place of the accident, is entitled to file an administrative claim.[2] Under Puerto Rico law, the heirs in their individual capacity are among the persons with standing to sue seeking redress as a result of the death of their father, which allegedly was caused by the negligence of the Veterans Administration Hospital.

The administrative claim was filed on January 25, 1984,[3] and although Form 95 stated as claimant "the Estate of Juan I. Colón", the Veterans Administration, through letter dated January 31, 1984, requested the following information as to initiate its investigation:

"3. *Full names, addresses, birthdates, kinship,* and marital status of the decedent's survivors, including identification of those survivors who were dependent for support upon the decedent at the time of death."

Thereafter, the Agency was fully informed of the names of Irma Teresa, Juan Isidro, Juan Gerardo, and María de Lourdes Colón in addition to the name of the widow, María Luisa del Valle. The Veterans Administration was fully notified of the number of persons seeking redress. The Administration cannot now argue the lack of an adequate claim so as to defeat jurisdiction. *Estate of Santos v. U.S.,* 525 F.Supp. at 984; *Douglas v. United States,* 658 F.2d 445 (6th Cir.1981) (holding that § 2675 requirements were satisfied if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) estimates a monetary value on his or her claim.) 615 F.2d at 289; see 28 C.F.R. § 14.2 (1980); see also *Crow v. United States,* 631 F.2d 28, 30 (5th Cir.1980). With this conclusion we are not establishing a waiver rule as to the requirements of 28 U.S.C. § 2675; instead, we have found that in the administrative investigation the agency was fully

---

**2.** The court held that the concept in 14.3(c) of "to bring a claim" is not equivalent to "bring an action" [judicial].

**3.** The Pretrial Report dated January 14, 1986 contains a stipulation of this date.

and consciously notified of the names of all claimants. This is not an action where parties seek relief based on their status of heirs of the estate, but an action by a widow and children seeking relief for the loss of their father and spouse with the consequent demand for damages based on negligence.

## IV.

■ Defendant argues that the administrative claim presented is invalid due to the fact that Form 95 has no date of execution. We do not find merit to said argument. The United States cannot "stand on technicalities to attack the claim in the judicial action once a claim has been fully investigated." *Locke v. U.S.*, 351 F.Supp. 185 (D.Hawaii 1972); *Estate of Santos v. U.S.*, 525 F.Supp. at 982; *Jackson v. U.S.*, 730 F.2d 808 (D.C.Cir.1984). The date of execution of the document became immaterial. The administrative file, seen as a whole, contains the necessary information.

## V.

■ Defendant also requests that the amount of recovery stated in the Complaint —$500,000—be reduced to $200,000, since this was the amount originally claimed before the Veterans Administration. 28 U.S.C. § 2675(b).[4] Said section imposes a limitation on the amount of damages which may be recovered from the United States in a suit under the Federal Tort Claims Act. Plaintiffs have not claimed newly-discovered evidence that would justify an increase on the amount administratively requested. Their basis for said assertion is that in a prior lawsuit they had requested said amount. Examining the facts alleged and the arguments of the parties, we hereby reduce the maximum recovery to $200,000 as if it was the amount originally claimed

in the Complaint. *López v. United States, supra;* 28 U.S.C. § 2675(b).

IT IS SO ORDERED.

---

**4.** Said section establishes that:

[an] action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the Federal agency, except where the increased amount is based upon newly discovered evidence *not* reasonably discoverable at the time of presenting the claim at the Federal agency, or upon allegation and proof of intervening facts relating to the amount of the claim.