Joseph D. Kinney
**FLEISCHMANN, Plaintiff,**

**v.**

**UNITED STATES GOVERNMENT; Veterans Administration Hospital; Doctors John Doe and Richard Roe, Defendants.**

**Civ. No. 85–1676 (JAF).**

United States District Court,
D. Puerto Rico.

July 15, 1986.

Oswald Evan Perkins, Santurce, P.R., for plaintiff.

Daniel F. López-Romo, U.S. Atty., Fidel A. Sevillano-del Rio, Asst. U.S. Atty., Hato Rey, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

Before this court is a motion to dismiss under Fed.R.Civ.P. 12 for lack of subject matter jurisdiction. As the parties have filed exhibits and memoranda, the motion will be treated as one for summary judgment under Fed.R.Civ.P. 56. Summary judgment is rendered if the material facts are undisputed and if defendant is entitled to judgment as a matter of law. *See generally* C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* Sec. 2725 at 75–112 (1983). This Court will examine the record in a light most favorable to the opposing party. *Hahn v. Sergeant,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

On August 13, 1985, plaintiff filed this action under the Federal Tort Claims Act (FTCA). Plaintiff alleges that he was injured as a result of the negligent treatment given to him by the Veterans Administration Hospital and its medical personnel, Doctors John Doe and Richard Roe. The government alleges that actions under the FTCA can be brought against the United States of America exclusively. It follows that the complaint against the Veterans Administration and Doctors John Doe and Richard Roe should be dismissed. It is argued that the complaint against the United States should also be dismissed for failing to exhaust administrative remedies as required by the FTCA.

### Factual Summary

Plaintiff is a retired United States Coast Guard noncommissioned officer who is now an electronics technician. Plaintiff alleges he suffers a paralysis of his right arm with a 28% incapacity. This paralysis was diagnosed on or about January 10, 1985 as being the result of malunion of the right arm radius bone. He filed a claim for disability benefits with the Veterans Administration for a disability relating to his gallbladder and a disability relating to a fracture in his right wrist. Benefits were denied for both disabilities on February 8, 1985. In his affidavit, the District Counsel for the Veterans Administration states his office has no record of a Federal Administrative Tort Claim filed by plaintiff. Plaintiff claims the paralysis has caused him to lose his job as an electronics technician. He prays for damages in the sum of $580,-000.

### Federal Torts Claim Act

Under 28 U.S.C. Sec. 1346(b), the district courts have exclusive jurisdiction of civil actions on claims for money damages against the United States for personal injury caused by the negligent or wrongful act of any employee of the Government while acting in the scope of his employment. The proper party to be sued in an FTCA action is the United States and not the federal agency or its employees that allegedly committed the tortious acts. *Armor Elevator Co. v. Phoenix Urban Corp.,* 655 F.2d 19, 22 (1st Cir.1981); *Fagot v. Federal Deposit Insurance Corp.,* 584 F.Supp. 1168 (D.P.R.1984). As suit against the Veterans Administration Hospital and its personnel does not properly lie under section 1346, the complaint against them must be dismissed, leaving the United States as the only federal defendant in this case. *Benitez v. Presbiterian Hospital,* 539 F.Supp. 470, 472 (D.P.R.1982). Under Fed.R.Civ.P. 21, "misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court, on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a

party may be severed and proceeded with separately." The Court will proceed with this action as against the United States alone.

■ The Federal Tort Claims Act removed the sovereign immunity of the United States in private tort actions. *López v. United States*, 758 F.2d 806, 808 (1st Cir. 1985). The United States has clearly defined the conditions under which tort actions against it can be maintained. *Del Valle Rivera v. United States*, 626 F.Supp. 347, 348 (D.P.R.1986). 28 U.S.C. Sec. 2675(a) requires that before a suit may be instituted against the United States, the claimant must first present his claim to the appropriate federal agency, and his claim shall have been finally denied by the agency in writing. A claim may be properly presented to a federal agency in one of two ways. A claimant may either execute a Standard Form 95 or submit "other written notification of the incident, accompanied by a claim for money damages in a sum certain ... for personal injury ... alleged to have occurred by reason of the incident." 28 C.F.R. Sec. 14.2 (1985). Therefore, a prerequisite to suit against the United States is that the individual claiming harm must request an administrative determination by the agency he alleges caused the harm. *Del Valle Rivera*, 626 F.Supp. at 348. The filing of an administrative claim is a jurisdictional requirement and cannot be waived. *Bialowas v. United States*, 443 F.2d 1047, 1049 (3rd Cir.1971); *Del Valle Rivera*, 626 F.Supp. at 348; *Collazo v. United States*, 372 F.Supp. 61, 62 (D.P.R. 1973).

■ Jurisdictional allegations shall be included in the complaint. Fed.R.Civ.P. 8(a)(1). Although plaintiff alleges in his complaint that jurisdiction lies under 28 U.S.C. Sec. 1346, he does not allege that the jurisdictional prerequisites have been complied with. However, in his opposition to motion to dismiss, he does allege a claim was filed with the Veterans Administration. Even exercising discretion and accepting this jurisdictional allegation, plaintiff's pleadings do not allege that a specific

sum was claimed in his written notification to the Veterans Administration. The documents filed with the agency must at least provide a reasonable basis for ascertaining the value of plaintiff's claim. If they do not, then the documents are treated as if no claim was ever filed. *Rogers v. United States*, 568 F.Supp. 894, 896 (E.D.N.Y. 1983). A claim to the appropriate administrative agency that does not contain a "sum certain" is not a proper claim as required by 28 C.F.R. Sec. 14.2 (1985). *Santiago Rivera v. United States of North America*, 405 F.Supp. 330, 331 (D.P.R. 1975).

### Judgment

Jurisdictional requirements under the FTCA must be complied with before the district court can entertain a suit. As the plaintiff has not filed a proper claim with the Veterans Administration, the motion to dismiss the complaint for lack of subject matter jurisdiction is hereby GRANTED. The complaint is DISMISSED WITHOUT PREJUDICE of it being refiled if time limitations allow plaintiff to cure the mentioned defects.

IT IS SO ORDERED.