[Not For Publication] United States Court of Appeals
 For the First Circuit
 

No. 96-1702

 MARIA M. LOPEZ-DE ROBINSON,

 Plaintiff, Appellant,
 v.

 UNITED STATES OF AMERICA,
 Defendant, Appellee.

 
 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jaime Pieras, Jr., U.S. District Judge] 
 

 Before
 Selya, Circuit Judge, 

 Coffin, Senior Circuit Judge, 

 and Lynch, Circuit Judge.  

Raul Barrera Morales with whom Jesus Hernandez Sanchez and 
Hernandez Sanchez Law Firm were on brief, for appellant. 

Fidel A. Sevillano Del Rio, Assistant United States Attorney, 
with whom Guillermo Gil, United States Attorney, was on brief for 
appellee.

 

 MAY 13, 1997
 

 Per Curiam. Plaintiff, a widow, appeals from the Per Curiam.  

district court's award of $50 thousand under the Federal Tort

Claims Act (FTCA), 28 U.S.C. 2671 et seq., to compensate

her for pain and suffering due to the failure of the Veterans

Administration Hospital in San Juan to admit her ill husband

a few days prior to his death. She seeks additional damages,

arguing that several of the district court's factual findings

are clearly erroneous. She takes particular issue with the

court's finding that prompt hospitalization would not have

saved her husband's life. She also argues that the court

erred in concluding that her late husband's estate was not

entitled to any recovery because it was not properly a party

to the suit.

 I

 We recite the facts as found by the district court

after the three-day bench trial. In May 1989, Vance Robinson,

a 64-year-old veteran, visited Dr. Luis Marrero, who ordered

laboratory tests. The tests suggested that Robinson had

liver cancer.

 On Friday, July 7, 1989, Robinson went to the VA

Hospital in San Juan complaining of a host of symptoms,

including a grossly enlarged abdomen (ascites) and acute

stomach pains. The intake physician, Dr. Sylvia Fuertes,

diagnosed Robinson as having ascites and an occult neoplasm,

but did not note the ascites on his medical record. She did

 -2- 2

not believe that Robinson's case was an emergency, but she

recommended that he be admitted immediately as an elective

admission. There were no available beds, however, and so she

told Robinson to return on Monday.

 Robinson went to the admissions office of the

hospital on Monday at 9:00 a.m. He was not re-examined. He

waited there all day, but was told there were no beds

available. The same thing happened on Tuesday. That evening,

Robinson was taken to the emergency room at San Pablo

Hospital, where he was admitted as a patient. The diagnosis

was ascites, suspected liver cancer, anemia and hepato-renal

syndrome. A CT scan revealed an enlarged liver due to

lesions suggestive of metastatic cancer.

 On July 18, Robinson discharged himself from the

hospital. He died the next day. No biopsy was ever

performed to confirm the diagnosis of suspected liver cancer,

and no autopsy was performed at the time of death. Liver

cancer was listed as the cause of death on the death

certificate.

 Robinson's widow, the plaintiff here, filed an

administrative claim in her name against the United States

with the Department of Veterans Affairs. The claim was

denied, and she filed a complaint in federal court within six

months.

 -3- 3

 Over two years after Robinson's death, plaintiff

had the body exhumed so that Dr. Yocasta Brugel could prepare

a forensic report. Dr. Brugel indicated that she found no

evidence of liver cancer and that Robinson had died of

myocarditis, a rare heart ailment which seldom leads to

death. The autopsy was admitted into evidence without

objection. However, Dr. Brugel did not appear at trial to

testify. The district court found that either the autopsy

report was totally unreliable, or, in the alternative, that

the autopsy had been performed on someone other than

Robinson. The court also found that the slides of the liver

on which the report was based were not those of Robinson's

liver.

 The district court concluded that the hospital's

failure to admit Robinson on Friday evening did not violate

acceptable medical standards. However, it found that

Robinson should have been re-examined when he returned to the

hospital on Monday, to ensure that his condition had not

deteriorated to emergency status, and concluded that this

omission did violate acceptable medical standards and caused

pain and suffering to Robinson and his wife. The court also

found that admitting Robinson to the hospital on Friday,

Monday or Tuesday would not have saved his life but would

have permitted palliative treatment to ease his pain and

suffering.

 -4- 4

 The court awarded plaintiff $50 thousand for her

pain and suffering as she watched her husband's condition

deteriorate during the three days before he was finally

admitted to a hospital. The district court also indicated

that it would have awarded an additional $50 thousand for

Robinson's pain and suffering if his estate had been named as

a plaintiff.

 Plaintiff appeals on several grounds. She argues

that the district court's finding that the VA Hospital's

failure to admit Robinson was not the cause of death is

clearly erroneous, as was the district court's finding that

the autopsy report was totally unreliable. She also argues

that the court erred in refusing to award pain and suffering

damages to the decedent's estate: she contends that under

Puerto Rico law, when a man dies intestate (as did Robinson)

his widow and children are his heirs. She concludes that she

and her sons should have received the $50 thousand the

district court indicated it would have awarded for Robinson's

pain and suffering.

 II

Factual Findings 

 We review the district court's findings of fact for

clear error. Irving v. United States, 49 F.3d 830, 835 (1st 

Cir. 1995); see also Fed. R. Civ. P. 52(a). In this case, 

there is a significant amount of support in the record for

 -5- 5

the district court's factual determinations, which therefore

are not clearly erroneous.

 The district court's finding that the hospital's

failure to admit Robinson was not the cause of his death is

supported by the testimony of Dr. Figueroa, the government

expert in cardiology. He testified that, in his opinion, at

the time Robinson went to the VA Hospital on July 7, there

was nothing that could have been done to prevent Robinson's

death on the 18th; at that point the hospital could have done

nothing more than to have made him comfortable.

 There is also evidence in support of the district

court's conclusion that the autopsy report was not based on

an examination of Robinson's liver. The liver from which the

slides were taken was of normal size, while Robinson's liver

had been enlarged. The slides of the liver showed no

evidence of severe liver disease such as metastatic cancer.

Instead, they indicated a fatty liver, a much less serious

condition. However, all of the clinical data indicated that

Robinson was suffering from severe liver disease at the time

he died. The testimony of Dr. Marrero indicates that

Robinson likely had severe liver disease as early as May

1989. Dr. Ramirez, the government expert in pathology,

testified that there was ample clinical, radiological and

laboratory evidence that Robinson suffered from severe liver

disease, but that there was no indication of this in the

 -6- 6

autopsy slides. Furthermore, Dr. Ramirez testified that

descriptions in the autopsy report of other organs were not

what one would have expected given Robinson's medical

history. For example, Robinson had dilated veins in his

esophagus butthere wasno mention ofthis in theautopsy report.

Exhaustion of Administrative Remedies 

 The district court held that it could not award

damages for Robinson's pain and suffering because his estate

did not present a claim to the proper administrative agency

and therefore did not exhaust its administrative remedies.

Review of this legal conclusion is de novo. Roche v. Royal 

Bank of Canada, 109 F.3d 820, 827 (1st Cir. 1997). 

 The Federal Tort Claims Act provides that "no

action shall be instituted upon a claim against the United

States . . . unless the claimant shall have first presented

the claim to the appropriate Federal agency and his claim

shall have been finally denied . . . ." 28 U.S.C. 2675(a).

In this case the appropriate agency is the Veterans Affairs

Department.

 The determination of when a claim is deemed

presented is made pursuant to federal regulations, which

require the submission of written notification of the

incident and a claim for money damages in a specific sum. 28

C.F.R. 14.2(a). The purpose is to encourage settlement:

 -7- 7

if the agency knows exactly what the claimant seeks, there is

more likely to be a settlement.

 Plaintiff filed an administrative claim with the

Department of Veterans Affairs in which she identified

herself but not her late husband's estate as claimant.1 She

now argues that this satisfied the exhaustion requirement

with respect to both her claims and those of the estate. A

similar argument was rejected in Estate of Santos v. United 

States, 525 F. Supp. 982, 986 (D.P.R. 1981). The court there 

held that each person seeking personal damages under the FTCA

must file an individual claim, and that a claim must put the

agency on notice of who was actually pursuing the claim and

the amount of the claim. Id.; see also Adames Mendez v. 

United States, 652 F. Supp. 356, 358 (D.P.R. 1987), aff'd, 

873 F.2d 1432 (1st Cir. 1989) (tbl.); Del Valle Rivera v. 

United States, 626 F. Supp. 347, 348-49 (D.P.R. 1986). 

 We agree. Allowing one claimant's exhaustion of

her administrative remedies to satisfy the exhaustion

requirement for other possible claimants would make it

extremely difficult for the agency to know the value of the

suit, thus making settlement less likely. Del Valle Rivera, 

626 F. Supp. at 348-49.

 The decision of the district court is affirmed. 

  

1. The administrative claim was not included in the
appellate record, but counsel conceded at oral argument that
Robinson's estate was not named as a claimant.

 -8- 8