Eugene **PARKER**, et al.,
Plaintiffs, Appellants,

v.

Honorable Juan **AGOSTO–ALICEA**, et al., etc., Defendants, Appellees.

No. 88–1627.

United States Court of Appeals,
First Circuit.

Heard May 4, 1989.
Decided July 7, 1989.

William C. Watt with whom Robert G. Mullendore and Mullendore & Tawney, Missoula, Mont., were on brief, for plaintiffs, appellants.

Reina Colon De Rodriguez, San Juan, P.R., with whom Hon. Rafael Ortiz Carrion, Sol. Gen., and Norma Cotti Cruz, Deputy Sol. Gen., Ponce, P.R., were on brief, for defendants, appellees.

Before BOWNES and TORRUELLA, Circuit Judges, and RE,* Judge.

BOWNES, Circuit Judge.

The root issue in this case is whether the United States District Court for the Commonwealth of Puerto Rico had jurisdiction to entertain this taxpayers' suit against the Secretary of the Treasury of the Commonwealth of Puerto Rico. Plaintiffs–Appellants are civilian employees of the United States living in Puerto Rico. They sued the Secretary, Juan Agosto Alicea, alleging that the Commonwealth has illegally levied an income tax on their cost of living allowances (COLA) authorized by 5 U.S.C. § 5941.[1] The Secretary does not deny that plaintiff's COLAs have been taxed under the Puerto Rico Income Tax Code. The Secretary moved to dismiss on the grounds that the Butler Act, 48 U.S.C. § 872, barred the district court from entertaining the suit. The district court agreed and dismissed the action. We affirm because of action taken by the Secretary subsequent to oral argument.

The pertinent part of the Butler Act is short: "No suit for the purpose of restraining the assessment or collection of any tax imposed by the laws of Puerto Rico shall be maintained in the United States District Court for the District of Puerto Rico." 48 U.S.C. § 872. In *United States Brewers Association, Inc. v. Perez*, 592

---

* Chief Judge of the United States Court of International Trade, sitting by designation.

1. 5 U.S.C. § 5941 provides in pertinent part:
   (a) Appropriations or funds available to an Executive agency, except a Government controlled corporation, for pay of employees stationed outside the continental United States or in Alaska whose rates of basic pay are fixed by statute, are available for allowances to these employees. The allowance is based on—
   (1) living costs substantially higher than in the District of Columbia;
   (2) conditions of environment which differ substantially from conditions of environment in the continental United States and warrant an allowance as a recruitment incentive; or
   (3) both of these factors.

F.2d 1212 (1st Cir.1979), we added a gloss to the words of the statute by approving the district court's approach which made an exception to the statute's absolute prohibition if no plain, speedy and efficient remedy was available in the courts of Puerto Rico. We noted that this judicially engrafted exception was akin to 28 U.S.C. § 1341, which provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." After some prodding by the district court, which retained jurisdiction, the availability of a remedy in the Commonwealth Courts was obtained under a ruling issued by the Superior Court of Puerto Rico. We found the Butler Act applied and remanded for the district court to dismiss the case for lack of jurisdiction.

We are confronted by a somewhat similar situation. Plaintiffs allege that they lack a plain, speedy and efficient remedy in the Puerto Rico courts. Our main concern at the time of oral argument was that the refusal of the Secretary to respond to plaintiffs' claims for refunds effectively barred them from proceeding in the Commonwealth Courts.

P.R.Laws Ann. tit. 13, § 3323 (1954) provides:

### § 3323. Suits for refund

(a) General Rule.—If a claim for credit or refund filed by a taxpayer is denied in whole or in part by the Secretary, the latter shall so notify the taxpayer by registered mail, and the taxpayer may appeal from such denial to the Superior Court by filing a complaint in the manner provided by law within 30 days after the date of the deposit of said notice in the mail. The failure to file the complaint within the period herein provided shall deprive the Superior Court of the right to hear the case.

(b) Limitation.—No suit or proceeding shall be entertained by the Superior Court for the credit or refund of any tax imposed by this subtitle unless there is a denial of such claim by the Secretary, notified as provided in subsection (a).

In April, 1985, plaintiffs filed refund claims for the COLAs on which they had paid taxes. There was no reply for a period of almost six months. Finally, on September 27, 1985, plaintiffs' attorney received a letter via regular mail signed by a subordinate of the Secretary. Since the letter was neither signed by or on behalf of the Secretary, nor sent by registered mail, it did not constitute a denial of the claims for refunds under the statute. On October 1, 1986, plaintiffs' attorney wrote to the Secretary restating plaintiffs' claims for refunds and asking the Secretary to either allow or deny the claims pursuant to the statute. The Secretary did not respond as requested but on October 20, the attorney for plaintiffs and the Treasury Department's Undersecretary met for a settlement discussion. This was followed by an exchange of correspondence and other communications. After it became apparent to plaintiffs that no settlement was in the offing, this suit was filed in the United States District Court for the District of Puerto Rico on March 13, 1987.

At oral argument, counsel for the Secretary was pressed as to why the Secretary had failed to follow P.R.Laws Ann. tit 13, § 3323 and deny the claims for refunds. She stated that he would do so. On May 12, 1989, we received a copy of a letter signed by the secretary sent on May 10 by certified mail, return-receipt requested to Robert G. Mullendore, attorney for the plaintiffs. The first paragraph of the letter states:

I hereby notify you that the claim for refund filed by you on April 13, 1985, on behalf of all persons employed by the United States or an agency, establishment or corporation owned by the United States (the "Claimants"), entitled to receive a federal cost-of-living allowance (COLA) with respect to income taxes imposed by the Commonwealth of Puerto Rico upon the COLA received by them, is *denied* for the reasons explained below: (Emphasis in original).

The final paragraph states:

Please be adviced [sic] that, pursuant to Section 323(a) of the Act, 13 LPRA

3323(a), if you do not agree with the foregoing decision, you have the right to appeal to the Superior Court of the Commonwealth of Puerto Rico within 30 days after the date of the deposit of this notice in the mail.

Since plaintiffs can now pursue their remedy in the Courts of the Commonwealth, the Butler Act deprives the district court and consequently this court of jurisdiction over the refund claims.

■ There is a necessary postscript. Plaintiffs also brought suit in the alternative against the United States asking that they be compensated for the COLAs taxed in past years and that they be granted COLA increases to offset taxes they will have to pay in the future. We agree with the district court that the suit against the United States does not overcome the jurisdictional barrier of the Butler Act and adopt that part of his opinion relative to plaintiffs' action against the United States.

For the reasons stated herein, the judgment of the district court dismissing the case for lack of jurisdiction is affirmed.

Since the failure of the Secretary to respond properly and promptly to plaintiffs' claims for refunds caused this appeal, we assess costs against the Secretary in favor of plaintiffs-appellants.