**PALMAS DEL SOL, S.E., Plaintiff,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY,**
**Defendant.**

**No. CIV.02–1249(RLA).**

United States District Court,
D. Puerto Rico.

Oct. 7, 2004.

Cherrie K. Durand, Paul H. Hulsey, Hulsey Litigation Group, LLC, Charleston Harbor, Charleston, SC, Walter F. Harris, Hulsey Litigation Group, LLC, Mount Pleasant, SC, for Plaintiff.

Edilberto Berrios–Pérez, Angel Cabán–Bermúdez, Berrios & Longo, PSC, San Juan, PR, for Defendant.

## *ORDER IN THE MATTER OF TAX CONSEQUENCES OF SETTLE-MENT FUNDS AND DIRECTING DISBURSEMENT OF PROCEEDS*

ACOSTA, District Judge.

### BACKGROUND

On August 30, 2004, the parties executed a settlement agreement[1] which called for the payment on September 15, 2004, of $2.1 million payable to the escrow account of the HULSEY LITIGATION GROUP, LLC, (HULSEY GROUP)[2] in trust for PALMAS DEL SOL, S.E. (PALMAS).[3]

Defendant UNITED STATES FIDELITY AND GUARANTY COMPANY (USF & G) failed to deposit the funds on September 15 as stipulated,[4] arguing that the Internal Revenue Code of Puerto Rico and relevant statutory provisions of Title XIII of the Laws of Puerto Rico require it to make a mandatory tax withholding from the settlement payment in this action.[5]

On September 24, 2004, the Court ordered defendant's counsel, Mr. Edilberto Berríos, to appear on October 1, 2004, to show cause why he should not be held in contempt for failing to comply with the terms of the settlement agreement (**docket No. 148**).

### DISCUSSION

Having been fully briefed[6] and after consideration of the arguments set forth by the parties at the show cause hearing held on October 1, 2004, the Court hereby FINDS as follows:

#### **Mr. Berríos' Contempt of Court**

Inasmuch as USF & G deposited the settlement funds in the Registry of the

---

1. The parties requested, and the Court granted, a hearing to advise the Court of the settlement reached. *See* docket Nos. 137 and 138, Stipulation, and Judgment, respectively.

2. This law firm represented plaintiffs through most of these proceedings and was responsible for negotiating the terms of the settlement agreement.

3. The agreement is Exhibit A to Plaintiff's Emergency motion to Enforce the Parties' Settlement Agreement... (**docket No. 140**)

4. Incredibly, the settlement agreement was drafted by USF & G, which then proceeded to disregard the terms of the stipulation.

5. *See, e.g.,* USF & G's Motion Showing Cause, Adverse Claims and Contradictory Court Orders (**docket No. 143**); USF & G's Motion on Consignment Steps, Identification of Adverse Claims,... (**docket No. 150**); and USF & G's Opposition to Motion to Strike... (**docket No. 155**).

6. *See* USF & G's motions: **docket Nos. 143, 150, 151, 155 and 156.** *See also* PALMAS' motions: **docket Nos. 140, 141, 144, 146, 149, 152, 153 and 157.**

Court as directed in our Order of September 24, 2004, albeit late,[7] the Court finds that Mr. BERRIOS has shown cause why he should not be held in contempt of this Court for failure to abide by its orders. Accordingly, Mr. BERRIOS **shall not** be held in contempt of court.

### The Matter of Tax Retention on Settlement Funds

■ Irrespective of the soundness of USF & G's arguments regarding the mandatory withholdings of taxes on these settlement proceeds, and the relative legal responsibility that may fall either on the entity that controls the disbursement as well as on the entity that receives it, we FIND that this Court is not in a position to hear or entertain USF & G's arguments with respect to the appropriateness of the obligatory tax retention. We are prohibited from doing so by the Butler Act, Puerto Rico Federal Relations Act, 48 U.S.C. § 872.[8] *See, e.g., Parker v. Agosto–Alicea,* 878 F.2d 557, 560 (1st Cir.1989)(affirming district court dismissal of a case concerning collection of taxes for lack of jurisdiction due to Butler Act's prohibition); *U.S. Brewers Ass'n, Inc. v. Cesar Perez,* 455 F.Supp. 1159, 1160, *remanded,* 592 F.2d 1212, *cert. denied,* 444 U.S. 833, 100 S.Ct. 64, 62 L.Ed.2d 43 (1979); (Read without qualification, the Butler Act deprives the federal district court of Puerto Rico of the power to entertain any action which seeks, directly or indirectly, to restrain the collection of a tax imposed under the laws of Puerto Rico, including suits for declaratory judgments). *Cf., Boyce v. Buscaglia,* 77 F.Supp. 753, 756 (D.P.R.1948) (federal courts do not pass upon matters involving the liability to pay local taxes as the normal course is to allow tax questions to be decided in the local courts even though they may involve constitutional questions).

■ On the other hand, "[t]he policy of favoring settlement agreements as a means of avoiding costly and time consuming litigation would scarcely be furthered by leaving a party without recourse when the other party fails to perform according to the terms of the agreement." *Dankese v. Defense Logistics Agency,* 693 F.2d 13, 16 (1st Cir.1982)(citing *Warner v. Rossignol,* 513 F.2d 678, 683 (1st Cir.1975)). Thus, trial courts retain an inherent power to supervise and enforce settlement agreements entered into by the parties before it. *Id.*

■ In light of the above, we find that we have an obligation and a duty to enforce the settlement agreement entered into between USF & G and PALMAS. We do so as part of our authority to manage our proceedings, vindicate our authority and effectuate our decrees. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 381–82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

Accordingly, we hereby **GRANT** PALMAS' Informative Motion on Tax Issue **(docket No. 157).** The Clerk of the Court shall disburse the sum of **$1,820,000.00** [9] to the HULSEY LITIGATION GROUP, LLC, in trust for PALMAS DEL SOL. S.E., immediately.

■ Furthermore, inasmuch as USF & G failed to comply with the terms of the settlement agreement by delaying payment to PALMAS without justification,

---

7. The funds were consigned with the Court on September 30, 2004, rather than on September 27, 2004, as ordered. *See* **docket No. 151.**

8. The Butler Act states, where pertinent, that "[n]o suit for the purpose of restraining the assessment or collection of any tax imposed by the laws of Puerto Rico shall be maintained in the United States District Court for the District of Puerto Rico." 48 U.S.C. § 872.

9. Plus interests less registry fees.

thereby prejudicing plaintiff, we FIND that the imposition of sanctions and attorneys' fees is appropriate against USF & G.

Accordingly, a nominal interest (floating charge) at the rate of $115.00 per day is hereby **ASSESSED as sanctions** on the $2.1 million for the period of time that PALMAS did not have access to the funds (from September 15, 2004), until payment is received pursuant to this Order (expected to be on Tuesday, October 12, 2004). USF & G shall forward a check in the amount of **$3,105.00** [10] to the HULSEY LITIGATION GROUP, LLC, in trust for PALMAS DEL SOL. S.E., **on or before October 15, 2004,** and file a motion certifying compliance herewith on even date.

IT IS FURTHER ORDERED that counsel for PALMAS shall file **on or before October 12, 2004,** a motion setting forth in detail the hours worked and the expenses incurred [11] by the HULSEY GROUP in responding to USF & G's failure to make timely payment of funds under the terms of the settlement agreement. USF & G's opposition, if any, shall be filed **on or before October 18, 2004.**

IT IS SO ORDERED.

---

**10.** $115.00/day X 27 days = **$3,105.00**

**11.** Counsel are instructed not to include the time and costs expended on the suit involving the BAELLA SILVA fee controversy. *See e.g.,* Civil No. 04–1949(JP).